IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TEOGIAN JAMERIK FOSTER,<br>AIS 334164, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-424-RAH-CSC |
| | ) | (WO) |
| MARCUS COLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, filed this case on July 17, 2024.
Doc. 1. Although Plaintiff moved to proceed *in forma pauperis* (Doc. 2), he didn't submit
information about the balance in his inmate account from the facility where he is
incarcerated. Consequently, on July 30, 2024 (Doc. 3), the court entered an order directing
Plaintiff to submit his inmate account information by August 13, 2024, to support his
motion to proceed *in forma pauperis*. The court's order of July 30, 2024, specifically
warned Plaintiff that his failure to comply would result in a recommendation of dismissal.
Doc. 3 at 2. To date, Plaintiff has failed to comply with or respond to the court's order.

Because of Plaintiff's failure to comply with the court's order of July 30, 2024, the
court concludes that this case should be dismissed without prejudice. *Moon v. Newsome*,
863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order
is generally not an abuse of discretion where litigant has been forewarned). The authority
to impose sanctions for failure to prosecute or obey an order is longstanding and

acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

The court finds that sanctions lesser than dismissal would not suffice here. *See Mingo*, 864 F.2d at 102. Accordingly, the Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

Further, it is ORDERED that by **September 30, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the court. This Recommendation is not a final order, and it is therefore not appealable. Failure to file written objections to the proposed findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *See* 11TH CIR. R. 3–1.

DONE this 16th day of September, 2024.

2

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE